**NATIONWIDE LIFE INSURANCE COMPANY, Plaintiff,**

v.

**HAMPTON SUPPLY, INC., Defendant.**

Civ. A. No. 2:93–CV–169.

United States District Court,
S.D. Ohio, E.D.

June 28, 1993.

Philip F. Brown, Chorpenning, Good & Mancuso Co., L.P.A., Columbus, OH, for plaintiff.

Nancy L. Sponseller, Law Offices of Nancy L. Sponseller, Dublin, OH, Paul M. Heylman, Scott Robins, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, for defendant.

## OPINION AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff originally brought this action in the Court of Common Pleas for Franklin County, Ohio, alleging state law claims of breach of contract. Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441 under the Court's diversity jurisdiction, 28 U.S.C. § 1332. This matter is now before the Court on the defendant's motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer.

## BACKGROUND

Plaintiff is an Ohio corporation. Defendant is a Maryland corporation and is not licensed to do business in the State of Ohio. Plaintiff, the former administrator of a health benefits program offered by defendant Hampton Supply, Inc. to its employees in Maryland, seeks reimbursement for claims paid by it.

■ The burden of establishing personal jurisdiction is on the plaintiff. Where the Court determines the issues solely on the basis of written materials, and without a hearing, the plaintiff need establish only a

*prima facie* case of jurisdiction with facts that would support jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 438–439 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). Where no hearing is held, the burden on the plaintiff is slight and all pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Data Disc, Inc.*, 557 F.2d at 1285.

A District Court in a diversity case must apply the long arm statute of the forum state. Ohio's long arm statute, O.R.C. § 2307.382, provides in pertinent part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1) transacting any business in this state; . . . .[1]

■ The Ohio statute has been construed to extend personal jurisdiction to the constitutional limits set by the Due Process Clause. *See R.L. Lipton Distributing Co. v. Dribeck Importers, Inc.*, 811 F.2d 967, 969 (6th Cir. 1987); *In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir.1972). Thus, an analysis of personal jurisdiction under Ohio law becomes an "examination of constitutional limitations." *Lipton*, 811 F.2d at 969.

The United States Supreme Court has determined that:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95

---

1. In its memorandum *contra* the motion, Nationwide also refers to O.R.C. § 2307.382(A)(2). O.R.C. § 2307.382(A)(2) authorizes the exercise of long arm jurisdiction over a person who:
   [c]ontract[s] to supply services or goods in this state; . . .

It does not appear, however, that the parties' contract required *defendant* to supply either goods or services in Ohio.

(1945) (quoting *Milligan v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

■ The United States Court of Appeals for the Sixth Circuit has set forth three criteria to be satisfied in order to meet the "minimum contacts" test of *International Shoe:*

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968). If these three tests are met, then personal jurisdiction will be upheld unless traditional notions of fair play and substantial justice are offended. *Id.*

The above formula is not to be applied mechanically; rather, it is to be applied in light of all the particular facts in each case. *Gibbs*, 631 F.2d at 440. However, "the Constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

The plaintiff relies on several cases in which personal jurisdiction was upheld, but, as noted by the court in one of plaintiff's cases, *Reliance Electric Co. v. Luecke*, 695 F.Supp. 917, 921 (S.D.Ohio 1988), "[a] determination as to whether the exercise of *in personam* jurisdiction is appropriate cannot be made by comparing the facts of one case with those of another or by rigidly applying a set of dogmatic rules."

■ The first prong of the *Southern Machine* test is whether the defendant has "acted" within Ohio.

> In this Circuit one has "acted" so as to transact business in a state "when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of that state." Such "acts" become purposeful if the defendant "should have reasonably foreseen that the transaction would have consequences in that state."

*In-Flight Devices*, 466 F.2d at 226 (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d at 381).

The "purposeful action test" is "designed to ensure that the defendant has become involved with Ohio through actions freely and intentionally done." *In-Flight Devices*, 466 F.2d at 228. It appears that agents of plaintiff in Maryland solicited the contract with the defendant, and all contract negotiations took place in Maryland. *See Allen Declaration attached to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue*, ¶ 5. Defendant, a corporate resident of Maryland, owns no property in Ohio, maintains no branch offices in Ohio, and is not qualified to transact business in Ohio. *Id.*, ¶ 2. None of defendant's employees or agents resides in Ohio. *Id.*

Plaintiff does not assert that defendant ever initiated any business dealings with plaintiff, and none of defendant's agents ever travelled to Ohio. *Id.*, ¶¶ 6, 10. With the exception of the mailing of checks to plaintiff in Ohio, all other acts on the defendant's part in connection with the contract occurred in Maryland. Defendant asserts that it did not know where the plaintiff performed its obligations under the contract. *Id.*, ¶ 6. Plaintiff has failed to establish that defendant purposely availed itself of the privilege of acting in the forum state or causing a consequence in the forum state.

■ It could be argued that plaintiff has met the second prong of the *Southern Machine* test. That factor requires that plaintiff's cause of action arise from activity or conduct on the part of the defendant that occurred in the forum state, *i.e.*, Ohio. *Southern Machine*, 401 F.2d at 381. Defendant's alleged breach of a contract formed in Maryland arguably occurred in Ohio by reason of defendant's alleged failure to remit payment under the contract to plaintiff in Ohio.

Even if plaintiff has satisfied the second prong of the *Southern Machine* test, however, considerations of fairness militate against the exercise of personal jurisdiction over defendant. Defendant was originally approached by plaintiff in Maryland, and all significant contact between plaintiff and defendant occurred in Maryland. *See Allen Declaration attached to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue.* Moreover, the schedule of health benefits administered by plaintiff was, by its own terms, subject to the laws of Maryland. *Id.,* ¶ 7. Fairness would not be served by this Court's exercise of personal jurisdiction over the defendant.

Plaintiff has, accordingly, failed to carry its burden of establishing this Court's jurisdiction over the movant.

WHEREUPON, the motion of defendant to dismiss for lack of personal jurisdiction is meritorious and it is therefore GRANTED. This action is hereby DISMISSED for lack of personal jurisdiction.