NATIONAL CITY BANK, Appellee,

v.

YEVU, Appellant.

[Cite as *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91273.

Decided Sept. 18, 2008.

Weltman, Weinberg & Reis Co. and Robert B. Weltman, for appellee.

Britton, Smith, Peters & Kalail Co. and Michael E. Stinn, for appellant.

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Defendant-appellant, Gerson K. Yevu, appeals the rulings of the Cuyahoga County Court of Common Pleas that denied his motion to dismiss the complaint for lack of personal jurisdiction and motion for reconsideration and that granted the motion of plaintiff-appellee, National City Bank, for summary judgment. Specifically, Yevu challenges the trial court's exercise of personal jurisdiction over him. For the reasons stated herein, we reverse the above rulings and remand with instructions to dismiss the case for lack of personal jurisdiction.

{¶ 3} National City Bank ("NCB") filed a complaint against Yevu on June 21, 2007. NCB alleged that Yevu had defaulted on the terms of an equity reserve agreement and that there was a balance due in the amount of $67,954.74. Yevu filed an answer in which he asserted that the trial court did not have personal jurisdiction over him. He also filed a motion to dismiss for lack of personal jurisdiction. NCB filed a brief in opposition to the motion to dismiss, and on October 12, 2007, the trial court denied Yevu's motion to dismiss. Yevu moved for reconsideration.

{¶ 4} NCB filed a motion for summary judgment that was granted by the trial court on March 11, 2008. The trial court entered judgment for NCB and against Yevu in the amount of $67,954.74 plus interest and costs.

{¶ 5} Yevu has appealed, raising three assignments of error for our review. The assigned errors are related in that they claim that the trial court erred in ruling on the motions in this matter because it did not have personal jurisdiction over Yevu.

{¶ 6} A court must have personal jurisdiction over a defendant in order to hear and determine an action. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 464 N.E.2d 538. An appellate court reviews a trial court's

determination of whether personal jurisdiction over a party exists under a de novo standard of review. *Lewis v. Horace Mann Ins. Co.*, Cuyahoga App. No. 82530, 2003-Ohio-5248, 2003 WL 22251577.

{¶ 7} The determination of whether the court has personal jurisdiction over a nonresident defendant involves a two-step process. "[T]he court is obligated to (1) determine whether the state's 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048, 1051. * * * The complementary provisions of Ohio's 'long-arm' statute, R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1), authorize a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction when the cause of action arises from the nonresident defendant's '[t]ransacting any business in this state.'" *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235–236, 638 N.E.2d 541. Both the statute and the rule are broadly worded and permit jurisdiction over any nonresident defendant who is transacting any business in Ohio. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477.

{¶ 8} To "transact" means "'to prosecute negotiations; to carry on business; to have dealings.'" (Emphasis omitted.) Id., quoting Black's Law Dictionary (5th Ed.1979) 1341. Whether a defendant has transacted any business in Ohio is determined on the particular facts of the case. *U.S. Sprint,* 68 Ohio St.3d at 185, 624 N.E.2d 1048.

{¶ 9} In this case, NCB asserts that it is an Ohio corporation, the decision to extend the line of credit was made in Ohio, the performance of payments was to be made in Ohio, the agreement was governed by Ohio law, and the default and breach of the agreement occurred in Ohio.

{¶ 10} Initially, we recognize that the mere existence of a contract involving a forum resident does not confer personal jurisdiction, a choice-of-law provision standing alone does not confer personal jurisdiction, and the making or sending of payments to Ohio alone may not establish minimum contacts for purposes of personal jurisdiction. While these factors are all relevant to a determination of personal jurisdiction, in this case we cannot ignore the other factors that militate against exercising jurisdiction.

{¶ 11} Yevu, a resident of Minnesota, sought a line of credit in conjunction with a mortgage relating to real property he owned in Minnesota. He obtained the line of credit from NCB and executed the agreement in Minnesota. Additionally,

the agreement was secured by real property located in Minnesota. Yevu's only performance in Ohio was to remit payment to NCB in Ohio.

{¶ 12} In support of his argument that the trial court lacked personal jurisdiction over him, Yevu cites *Nationwide Life Ins. Co. v. Hampton Supply, Inc.* (S.D.Ohio 1993), 829 F.Supp. 915. In *Nationwide,* the court found a lack of personal jurisdiction upon facts that showed that "[w]ith the exception of the mailing of checks to plaintiff in Ohio, all other acts on the defendant's part in connection with the contract occurred in Maryland." Id. at 917.

{¶ 13} NCB relies on *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. That case involved the lease of a storeroom located in Kentucky between an Ohio lessor and an out-of-state lessee. In determining whether an Ohio court had personal jurisdiction, the court considered the parties' dealings and the creation of continuing duties and obligations between the parties in connection with the lease agreement. The court considered that the negotiations involved telephone contact to Ohio, that the lease restricted and regulated many activities and called for the Ohio lessor's approval in many areas, that the lease required all communications to be directed to appellant in Ohio, and that payments were to be made in Ohio. Id.

{¶ 14} Unlike *Kentucky Oaks,* in this case the parties' dealings were not so intertwined. The only continuing obligation was for Yevu to make monthly payments to NCB in Ohio. Yevu did not negotiate, carry on business, or have sufficient dealings with NCB in Ohio for purposes of establishing personal jurisdiction.

{¶ 15} Under the particular facts of this case, we find Yevu did not purposefully avail himself of the privilege of acting in Ohio and was not transacting business in Ohio within the purview of R.C. 2307.382 and Civ.R. 4.3(A)(1).

{¶ 16} We also do not find that the assertion of personal jurisdiction over Yevu comports with the Due Process Clause of the Fourteenth Amendment. Due process mandates that a court exercise jurisdiction only if the defendant has sufficient minimum contacts with the state that summoning the party to Ohio would not offend the " 'traditional notions of fair play and substantial justice.' " *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95. In determining whether a defendant has the necessary minimum contacts with the forum, a court should consider "the number of contacts, the nature and quality of the contacts, the source and connection between the cause of action and the contacts, the interest of the forum state[,] and the convenience of the parties." *M & W Contrs., Inc. v. Arch Mineral Corp.* (S.D.Ohio 1971), 335 F.Supp. 972, 973–974. The constitutional touchstone is whether the nonresident defendant purposely established contacts in the forum state such that the

defendant should reasonably anticipate being haled into court in that state. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528; *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490.

{¶ 17} Under the facts of this case, we do not find Yevu's connections to Ohio were so substantial that he could reasonably have anticipated being haled into an Ohio court. Moreover, we do not find that Yevu had sufficient contacts with Ohio to make the exercise of jurisdiction over him comport with traditional notions of fair play and substantial justice.

{¶ 18} Accordingly, we hold that the trial court did not have personal jurisdiction over Yevu, and we sustain his assignments of error.

{¶ 19} The judgment is reversed, and the cause is remanded with instructions to dismiss the case for lack of personal jurisdiction.

Judgment reversed
and cause remanded.

BLACKMON and STEWART, JJ., concur.