[Cite as *Yoger v. Alcala*, 2011-Ohio-4414.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96019

---

## BETTY YOGER

PLAINTIFF-APPELLANT

vs.

## GERARDO ALCALA, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-733709

**BEFORE:** Kilbane, A.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   September 1, 2011

**ATTORNEY FOR APPELLANT**

David M. Lynch
29311 Euclid Avenue - Suite 200
Wickliffe, Ohio 44092


**ATTORNEY FOR APPELLEES**

Bryan B. Johnson
Adams, Babner & Gitlitz, LLC
5003 Horizons Drive - suite 200
Columbus, Ohio 43220-5292

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, Betty Yoger (Yoger), appeals the trial court's dismissal of her complaint for lack of personal jurisdiction. Finding no merit to the appeal, we affirm.

{¶ 2} In August 2010, Yoger, who resides in Ohio, filed a lawsuit against defendants-appellees, Gerardo and Lorena Alcala (collectively referred to as "Alcalas"), who reside in Arizona. Yoger alleges intentional infliction of emotional distress and fraud, claiming the Alcalas tricked her 91-year-old brother, Lamar LaLonde (LaLonde), into deeding his home to them and removing Yoger as his power of attorney and alternate trustee. She alleges these acts caused her to suffer intolerable mental anguish. Yoger also alleges the Alcalas knowingly made false representations to her, causing LaLonde's alienation from her. Yoger sought $50,000 in damages, punitive damages, a court order invalidating the documents LaLonde was tricked into signing, costs, and attorney fees.

{¶ 3} In response, the Alcalas filed a "motion * * * to quash service and dismiss [Yoger's] complaint or for change of venue."[1] The Alacalas argue that Yoger's complaint

---

[1]The Alcalas' motion to dismiss states that in March 2010 Yoger filed a petition in the Superior Court of Maricopa County, Arizona seeking to be appointed guardian of LaLonde. The petition states that venue is in Maricopa County because LaLonde resides there. In Yoger's petition, she alleges that appointment of an emergency and temporary guardian is necessary because LaLonde is impaired to the extent that he lacks sufficient understanding to make responsible decisions concerning his person and his estate. Yoger claims that she was the successor to LaLonde's trust and his attorney in fact until the Alcalas tricked LaLonde into deeding them a survivorship interest in his home, signing a new power of attorney, and amending his trust by appointing the Alcalas as his attorney in fact and making Gerardo his successor trustee. The Superior Court denied Yoger's petition.

should be dismissed because the trial court does not have personal jurisdiction over them. The Alcalas reside and work in Arizona and have never been residents of Ohio. The motion further states "[t]hey do not own any property in Ohio, have never conducted any business in Ohio, do not maintain any offices in Ohio, and do not have any employees in Ohio."

{¶ 4} Yoger filed a brief in opposition to the Alcalas' motion to dismiss. In October 2010, the trial court granted the Alcalas' motion to dismiss for lack of personal jurisdiction, finding that "it has no personal jurisdiction over the [Alcalas] and this claim must therefore be dismissed. * * * [Yoger] failed to properly allege minimum contacts in [her] complaint and further failed to assert facts sufficient to support personal jurisdiction in response to [the Alcalas'] motion to dismiss. This matter is hereby dismissed in accordance with Ohio Civil Rule 12(b) for lack of personal jurisdiction."

{¶ 5} It is from this order that Yoger appeals, raising the following assignment of error for our review.

{¶ 6} ASSIGNMENT OF ERROR ONE

**"[Yoger] contends the Motion to Quash Service, to Dismiss and for Change of Venue should have been denied, the trial court commit [sic] erred in determining that the case should have been brought in Arizona."**

{¶ 7} An appellate court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶27. "Where the

defense of lack of personal jurisdiction is asserted, the plaintiff has the burden to establish the court's jurisdiction. While factual allegations are construed in his favor, he must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person." (Citations omitted.) *Marvel Consultants, Inc. v. Friedman & Feiger*, Cuyahoga App. No. 82637, 2003-Ohio-5249, ¶6.

{¶ 8} In her sole assignment of error, Yoger argues that the trial court erred in dismissing her claims against the Alcalas for lack of personal jurisdiction. Yoger contends the Ohio long-arm statute provides jurisdiction for cases where acts occur outside Ohio if the injured victim is in Ohio. She contends her lawsuit against the Alcalas involves injury to her, not LaLonde. Therefore, she maintains the trial court has personal jurisdiction over the Alcalas. We disagree.

{¶ 9} The determination of whether the court has personal jurisdiction over a nonresident defendant involves a two-step process: "(1) whether the long-arm statute [R.C. 2307.382] and the applicable rule of civil procedure [Civ.R. 4.3] confer jurisdiction and, if so, (2) whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184, 1994-Ohio-504, 624 N.E.2d 1048." *Kauffman* at ¶28.

{¶ 10} The Due Process Clause of the Fourteenth Amendment mandates that a court exercise jurisdiction only if the defendant has sufficient minimum contacts with the state such that summoning the party to Ohio would not offend the "'traditional notions of fair play and substantial justice.'" *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95. In determining whether a defendant has the necessary minimum contacts with the forum, a court should consider "'the number of contacts, the nature and quality of the contacts, the source and connection between the cause of action and the contacts, the interest of the forum state [,] and the convenience of the parties.'" *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715, 898 N.E.2d 52, ¶16, quoting *M & W Contrs., Inc. v. Arch Mineral Corp.* (S.D.Ohio 1971), 335 F.Supp. 972. The constitutional touchstone is whether the nonresident defendant purposely established contacts in the forum state such that the defendant should reasonably anticipate being haled into court in that state. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528, citing *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490.

{¶ 11} Pertinent to this appeal, R.C. 2307.382(A)(6) provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might

reasonably have expected that some person would be injured thereby in this state[.]" Likewise, Civ.R. 4.3(A)(9) provides that service may be made on a nonresident of Ohio when that person causes "tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]"

{¶ 12} In the instant case, we find that R.C. 2307.382 and Civ.R. 4.3 do not confer personal jurisdiction over the Alcalas. We also find that the assertion of personal jurisdiction over the Alcalas would not comport with the Due Process Clause of the Fourteenth Amendment. A review of the record reveals that Yoger's complaint is completely devoid of any allegation of how the Alcalas are connected to Ohio. The Alcalas reside in Arizona, and the complaint makes no allegations that the Alcalas own property in Ohio, conduct any business in Ohio, maintain offices in Ohio, or have any employees in Ohio. The only alleged misconduct involves persons residing in Arizona (the Alcalas and LaLonde), property located in Arizona (the home), and actions that took place in Arizona (LaLonde deeding his home to the Alcalas and removing Yoger as his power of attorney and alternate trustee).

{¶ 13} Based on these facts, we do not find the Alcalas' connections to Ohio were so substantial that they could reasonably have anticipated being haled into an Ohio court. Moreover, we do not find the Alcalas had sufficient contacts with Ohio to make the exercise of jurisdiction over them comport with traditional notions of fair play and substantial justice.

The trial court correctly found that Yoger did not establish minimum contacts, by failing "to show that (1) the Alcalas purposefully availed themselves of the privilege of acting in Ohio or caused a consequence in Ohio; (2) that the cause of action arose from the [Alcalas'] activities in Ohio; and (3) that the acts of the Alcalas or consequences caused by them has a substantial enough connection with Ohio to make the exercise of jurisdiction over them reasonable."

Therefore, the sole assignment of error is overruled.

Accordingly, judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR