[Cite as *X-S Merchandise, Inc. v. Wynne Pro L.L.C.*, 2013-Ohio-2205.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99189**

# X-S MERCHANDISE, INC.

PLAINTIFF-APPELLANT

vs.

# WYNNE PRO L.L.C., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
REVERSED, VACATED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743428

**BEFORE:** Rocco, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEYS FOR APPELLANTS**

Brian J. Green
Sean Burke
James A. Marx
Shapero & Green, L.L.C.
25101 Chagrin Boulevard
Suite 220
Beachwood, OH   44122

**FOR APPELLEE**

Dana Bullington
4123 Crossing Lane
Dallas, TX   75220

KENNETH A. ROCCO, J.:

**{¶1}** Plaintiff-appellant X-S Merchandise, Inc. ("X-S") appeals from the trial court's judgment dismissing all claims against defendant-appellee Dana Bullington ("Bullington"). The trial court determined that X-S had failed to perfect service on Bullington, but then went on to reach the merits of the case, entering a final judgment. The trial court lacked personal jurisdiction over Bullington, which renders its judgment void. We reverse and vacate the judgment, and we remand the case to the trial court with instructions to enter an order of dismissal without prejudice.

**{¶2}** This case originates from a lawsuit filed by X-S against Wynne Pro L.L.C. ("Wynne Pro"), and Bullington. X-S is an Ohio corporation. Wynne Pro is believed to be a for-profit limited liability corporation having a place of business in Dallas, Texas, with Bullington as its statutory agent.

**{¶3}** According to X-S's complaint, Bullington had agreed to sell to X-S various goods. X-S tendered to Wynne Pro $29,726.13 as a down payment for the goods. Subsequently, Bullington informed X-S that she could not procure the goods and that she would not be able to supply them to X-S.

**{¶4}** After multiple promises by Bullington to return X-S's down payment, on December 13, 2010, X-S filed a lawsuit in the court of common pleas against Wynne Pro and Bullington. The complaint set forth claims for breach of contract, unjust enrichment, conversion, and fraud. X-S alleged that Bullington had held herself out as an authorized

agent of Wynne Pro, responsible for the transaction of goods in this matter, as evidenced by her signature on the relevant purchase orders between X-S and Wynne Pro.

{¶5} X-S filed motions for default judgment against Wynne Pro and Bullington. The trial court entered default judgment against Wynne Pro on June 3, 2011. The trial court denied the motion for default judgment as to Bullington, noting that X-S had not perfected service on Bullington.

{¶6} X-S then attempted to perfect service of the complaint on Bullington via publication on or about July 20, 2011. X-S filed another motion for default judgment on August 17, 2011. On November 10, 2011, that motion for default judgment was denied on the basis that X-S had not presented evidence sufficient to state a cause of action against Bullington individually or to pierce the corporate veil holding her personally responsible. In that same order, the trial court, sua sponte and without notice, dismissed Bullington as a defendant in the case. X-S filed an appeal in this court.

{¶7} On appeal, we concluded that the trial court did not abuse its discretion in denying X-S's motion for default judgment against Bullington, but we also determined that the trial court erred when it failed to provide X-S with any notice that its failure to produce sufficient evidence in support of its motion for default judgment would result in Bullington's dismissal as a defendant. *X-S Merch., Inc. v. Wynne Pro, L.L.C.*, 8th Dist. No. 97641, 2012-Ohio-2315, ¶ 18.

{¶8} On remand, the case proceeded to a bench trial on X-S's claims against Bullington. The trial court issued a judgment entry and opinion with findings of fact and

conclusions of law, ruling that X-S's service on Bullington was invalid. The trial court then proceeded to rule on the merits of the underlying action and entered judgment for Bullington on all claims. It is from this judgment entry that X-S now appeals, setting forth two assignments of error for our review:

> I. The trial court erred in ruling on the merits of the case.
>
> II. The case should have been dismissed without prejudice upon the trial court's determination that service had not been perfected.

**{¶9}** We consider the assignments of error together because the analysis involved is the same. A court cannot acquire personal jurisdiction over a party without the proper service of a summons and complaint, or the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. *Bank of N.Y. v. Elliot*, 8th Dist. Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 15, citing *Slomovitz v. Slomovitz*, 8th Dist. No. 94499, 2010-Ohio-4361, ¶ 10. We review de novo whether a trial court maintains personal jurisdiction over a person. *Id.*, citing *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715, 898 N.E.2d 52 (8th Dist.); *Toma v. Toma*, 8th Dist. No. 82117, 2003-Ohio-4344, ¶ 16.

**{¶10}** In the instant case, the trial court determined that X-S's service on Bullington was invalid and so all claims against Bullington should be dismissed.[1] The

---

[1]We note that the trial court should have determined long ago whether it had personal jurisdiction over Bullington. It is unfortunate that this case has already come up on appeal once before and that a trial ensued before the trial court finally concluded that service had not been perfected on Bullington. X-S had attempted to perfect service by publication on July 20, 2011. The trial court ruled that this method of service was invalid on October 18, 2012.

trial court's ruling was based on its findings that: (1) X-S had failed to aver as to all efforts it had made to locate Bullington; and (2) that as an out-of-state resident, service on Bullington could not be perfected via publication. *See* Civ.R. 4.3 and 4.4.

{¶11} X-S does not contest the trial court's ruling that Bullington was not properly served. Rather, X-S argues that once the trial court determined that service was invalid, it was required to dismiss the case without prejudice. We agree, because once the trial court determined that it lacked personal jurisdiction over Bullington, it was without authority to enter a judgment in the action.[2]

{¶12} The trial court could obtain personal jurisdiction over Bullington only if the trial court determined that: (1) she was properly served with a summons and complaint; (2) she entered an appearance; (3) she affirmatively waived service; or (4) she otherwise voluntarily submitted to the court's jurisdiction. *See Bank of N.Y.*, 2012-Ohio-5285, at ¶ 15. The trial court concluded that Bullington was not properly served with a summons and complaint, and there is no evidence in the record indicating that Bullington entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. Based on its findings and on the record, the trial court lacked personal jurisdiction over Bullington, rendering its judgment void. *See id.*, citing *Lincoln*

---

[2]The trial court's determination that service could not be perfected by publication was based on our decision in *Sutkaytis v. Van Valkenberg*, 8th Dist. No. 36543, 1977 Ohio App. LEXIS 8254 (Nov. 10, 1977). Because the trial court and X-S both concede that service was not perfected in this case, we need not address whether a plaintiff may ever perfect service on a non-resident defendant via publication.

*Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). ("A judgment rendered in the absence of personal jurisdiction over the defendant is void.").

**{¶13}** Accordingly, we reverse and vacate the trial court's judgment with instructions on remand to dismiss the case without prejudice. *See Ambrose v. Advanced Wireless Cellular Comm.*, 8th Dist. No. 88110, 2007-Ohio-988, ¶ 7, citing Civ.R. 41(B)(4); *Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997) ("A dismissal for lack of jurisdiction, including a lack of personal jurisdiction, operates as an adjudication otherwise than on the merits, that is without prejudice.").

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR