[Cite as *Holcomb v. Naples*, 2014-Ohio-3287.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JUDY HOLCOMB, ET AL.

    Plaintiffs-Appellees

-vs-

ANTHONY L. NAPLES

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2013CA00214

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2011CV02063 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 21, 2014 |

APPEARANCES:

For Plaintiffs-Appellees

ANTHONY E. BROWN
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

For Defendant-Appellant

RANDOLPH L. SNOW
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, Suite 1000
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1} Defendant-appellant Anthony L. Naples appeals the February 23, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his motion to dismiss for lack of personal jurisdiction. Plaintiffs-appellees are Judy Olszeski Holcomb, Joan Olszeski, and Jane Olszeski Tortola.

STATEMENT OF THE FACTS AND CASE

{¶2} In 2006, Appellees, who are Ohio residents, sold their interests in Olszeski Properties, Inc. to James Wilson. James Wilson is the primary shareholder of two Ohio businesses, to wit: O.P. Ohio Corporation ("O.P. Ohio") and H.G. Ohio Corporation ("H.G. Ohio"). James Wilson, on behalf of O.P. Ohio, executed a promissory note in the amount of $3.53 million payable to Appellees. The Note was guaranteed by H.G. Ohio and James Wilson personally.

{¶3} In 2009, James Wilson filed bankruptcy on behalf of both O.P. Ohio and H.G. Ohio. Following the bankruptcy filing and, as the result of litigation in the Stark County Court of Common Pleas, Appellees received the business/financial records of both businesses. These records omitted any reference to the Note and obligation owed to Appellees. Upon further review of the records, Appllees identified numerous transactions which they believed to be fraudulent conveyances. The challenged transactions were transactions in which money was paid by O.P. Ohio and H.G. Ohio for the benefit of Appellant; Richard Lamb; and Priscilla Wilson, James Wilson's wife. Testimony at trial revealed no business purpose in the financial records to support the businesses making these payments.

**{¶4}** Appellant, who is a Florida resident, was an investor in a limited liability company called 3770 Broad Company, LLC. ("Broad Co.") Appellant was also a one-third owner and member of Broad Co. James Wilson and Richard Lamb also were one-third owners of Broad Co. In 2004, Broad Co. applied for a loan with Investors Capital Corporation in the amount of $1,275,000.00, to purchase real property located at 3770 W. Broad St., Columbus, OH. The loan was approved, and Broad Co. executed a mortgage agreement and promissory note on or about October 25, 2004. James Wilson, Richard Lamb, and Appellant executed a guarantee as members of Broad Co., guaranteeing the payment of the promissory note. Payments in the amount of $97,715.75 were made on the promissory note by H.G. Ohio and O.P. Ohio when those businesses were insolvent in 2008, and 2009.

**{¶5}** In 2010, Appellees obtained a judgment in bankruptcy court against O.P. Ohio, H.G. Ohio, and James Wilson personally in the amount of $3.53 million dollars. On July 6, 20011, Appellees filed a complaint for money damages and other relief, alleging Appellant was one of the recipients of the fraudulent transfers from O.P. Ohio Corporation and H.G. Ohio Corporation. Richard Lamb and Priscilla Wilson were also named as defendants, but are not parties to this Appeal.

**{¶6}** On August 25, 2011, Appellant filed a motion to dismiss for lack of personal jurisdiction. Via Judgment Entry filed February 23, 2012, the trial court denied the motion. The trial court found Appellant transacted business in Ohio as he was a partner in an Ohio partnership formed to purchase and hold Ohio real estate, and had personally guaranteed a mortgage in Columbus, Ohio. The trial court further found

Appellant, as recipient/beneficiary of the fraudulent transfers from H.G. Ohio and O.P. Ohio, caused tortuous injury to Appellees in Ohio.

{¶7} The matter proceeded to non-jury trial on March 19, 2013. The trial court granted judgment in favor of Appellees, and against Appellant, in the amount of $97,715.75.

{¶8} It is from the February 23, 2012 Judgment Entry Appellant appeals, raising the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN ITS OVERRULING OF DEFENDANT ANTHONY L. NAPLES' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION."

I

{¶10} Appellant asserts Appellees failed to demonstrate, and the trial court failed to find, that the cause of action at issue arose from actions by Appellant within the parameters of personal jurisdiction as set forth in either R.C. 2307.382 or Civ. R. 4.3(A).

{¶11} In determining whether it has personal jurisdiction over an out-of-state defendant, a court must engage in a two-step inquiry: first, the court must determine whether the defendant's conduct falls within Ohio's "long-arm" statute or the applicable civil rule, and if it does, then the court must determine whether the assertion of jurisdiction over the nonresident defendant would deprive the defendant of due process under the Fourteenth Amendment to the United States Constitution. *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 235 (1994).

{¶12} Ohio's long-arm statute in R.C. 2307.382 states, in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

* * *

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state[.]

**{¶13}** R.C. 2307.381 provides, for purposes of R.C. 2307.382, "person" includes "an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this state."

**{¶14}** Civ.R. 4.3 governs when service of process may be made outside this state. The language in Civ.R. 4.3(A)(1)-(4) is similar to the language in R.C.

2307.382(A)(1)-(4), and the language in Civ.R. 4.3(A)(10) is similar to the language in R.C. 2307.382(A)(7).

{¶15} The plaintiff has the burden of proving personal jurisdiction once it has been challenged. *Goldstein,* 70 Ohio St .3d at 235. When, as here, the trial court does not hold an evidentiary hearing on a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff need make only a prima facie showing of personal jurisdiction to withstand a motion to dismiss for lack of personal jurisdiction. *Id.* at 236. In determining whether the plaintiff has established the requisite prima facie showing, the trial court must view allegations in the pleadings and the documentary evidence in the record in the light most favorable to the plaintiff, resolving all reasonable competing inferences in the plaintiff's favor. *Id.*

{¶16} Since personal jurisdiction is a question of law, the court of appeals' standard of review is *de novo. State ex rel. Atty. Gen. v. Grand Tobacco,* 171 Ohio App.3d 551, 2007–Ohio–418 (10th Dist. Franklin 2007).

{¶17} In its February 23, 2012 Judgment Entry, the trial court specifically found:

* * * the Ohio Long Arm Statute and Ohio Civil Rule 4.3 confer jurisdiction over [Appellant] in that [Appellant] transacted business in the State of Ohio. * * * [Appellant] transacted business in Ohio as he is a partner in an Ohio partnership formed to purchase and hold Ohio real estate and has personally guaranteed a mortgage in Columbus, Ohio. Further, the allegation in [Appellees'] Complaint clearly state that they were caused tortuous injury in Ohio because [Appellant is a recipient/beneficiary] of fraudulent transfers from the Ohio business debtor

corporations. Therefore, the allegations in the complaint confer jurisdiction over [Appellant].

**{¶18}** We agree with the trial court and find Appellant transacted business in Ohio and caused tortuous injury in the state. Appellant was the recipient and beneficiary of multiple fraudulent transfers from an Ohio business. The transfers were used to pay on a loan secured by a mortgage on real property located in Ohio, which Appellant had personally guaranteed. Further, Appellant caused tortuous injury in Ohio and the cause of action Appellees brought against him arose from that injury.

**{¶19}** Additionally, Appellant argues, even if Ohio's long arm statute confers jurisdiction over him, the trial court erred in denying his motion to dismiss as Appellees failed to demonstrate that jurisdiction over him did not violate his right to due process.

**{¶20}** The Due Process Clause of the Fourteenth Amendment mandates that a court exercise jurisdiction only if the defendant has sufficient minimum contacts with the state such that summoning the party to Ohio would not offend the " 'traditional notions of fair play and substantial justice.' " *Internatl. Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether a defendant has the necessary minimum contacts with the forum, a court should consider " 'the number of contacts, the nature and quality of the contacts, the source and connection between the cause of action and the contacts, the interest of the forum state [,] and the convenience of the parties.' " *Natl. City Bank v. Yevu,* 178 Ohio App.3d 382, 2008–Ohio–4715, 898 N.E.2d 52, ¶ 16 (8th Dist.), quoting *M & W Contrs., Inc. v. Arch Mineral Corp.* 335 F.Supp. 972 (S.D.Ohio 1971). The constitutional touchstone is whether the nonresident defendant purposely established contacts in the forum state such that the defendant

should reasonably anticipate being hauled into court in that state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

**{¶21}** We find Appellant purposefully availed himself of the privilege of conducting business and engaging in activities in Ohio.  Appellant is a member of an Ohio LLC, which holds mortgaged property located in Ohio.  Further, Appellant personally guaranteed payment of the mortgage on this Ohio property.

**{¶22}** Appellant makes much ado over the trial court's finding he "transacted business in Ohio as he is a partner in an Ohio partnership formed to purchase and hold Ohio real estate".  Appellant asserts the finding was erroneous as Appellees did not bring their claims against an Ohio partnership, but rather against Appellant individually.  Appellant explains he is not personally liable for actions taken by Broad Co., which is a limited liability company, not a partnership as the trial court indicated, and his membership in the LLC does not extend liability to him.  Although we find the trial court incorrectly characterized Broad Co. as a partnership, we find this misnomer does not render the trial court's underlying rationale invalid, particularly in light of Appellant's personal guarantee on the note.

**{¶23}** Upon review of the pleadings, we find Appellees made the prima facie showing of jurisdiction over Appellant. R.C. 2307.382 and Civ.R. 4.3 confer personal jurisdiction over Appellant and the assertion of personal jurisdiction over Appellant comports with the Due Process Clause of the Fourteenth Amendment.  It cannot be said

from the face of the complaint that Appellant did not purposely establish contacts in Ohio such that he would not reasonably anticipate being hauled into an Ohio court.

**{¶24}** Appellant's sole assignment of error is overruled.

**{¶25}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Wise, J. concur