Fallang, Appellee, *v.* Hickey; Long, Appellant.

[Cite as Fallang *v.* Hickey (1988), 40 Ohio St. 3d 106.]

(No. 87-1828—Submitted October 5, 1988—Decided December 21, 1988.)

*Jeffery E. Richards,* for appellee.

*Millikin & Fitton Law Firm, James E. Michael* and *Gregory E. Hull,* for appellant.

H. BROWN, J.

I

The principal issue presented is whether Fallang established personal jurisdiction over Long. Because the trial court determined Long's Civ. R. 12(B)(2) motion to dismiss upon written submissions, Fallang needed only to make a *prima facie* showing that jurisdiction exists. 2A Moore, Federal Practice (1987), Paragraph 12.07[2.-2]. For the reasons that follow, we find that Fallang met his burden of showing the existence of personal jurisdiction. Accordingly, we affirm the judgment of the court of appeals.

The determination of whether a state court has personal jurisdiction over a nonresident is a two-step process. First, the court must look to the words of the state's "long-arm statute" or applicable civil rule to determine whether, under the facts of the particular case, jurisdiction lies. If it does, the court must decide whether the assertion of jurisdiction deprives the nonresident defendant of due process of law. See *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310.

A

In Ohio, Civ. R. 4.3(A)(3) permits the assertion of long-arm jurisdiction over nonresident defendants who commit "* * * tortious injury by an act or omission in this state * * *."

Long mailed his letter from South Carolina to Flynn, a resident of Ohio.

Fallang's complaint alleges that the letter libeled him by falsely imputing an improper motive to his actions, thereby injuring his personal and professional reputation. The tort of libel occurs in the locale where the offending material is circulated (published) by the defendant to a third party. *Keeton* v. *Hustler Magazine, Inc.* (1984), 465 U.S. 770, 777. In the instant case, Long's letter was published in Ohio by virtue of its receipt through the mail. Thus, under the principle announced in *Keeton, supra,* the tort was committed in Ohio. The court of common pleas erroneously concluded that the tortious act occurred in South Carolina.

We hold that Civ. R. 4.3(A)(3) authorizes assertion of personal jurisdiction over a nonresident defendant in a defamation action when publication of the offending communication occurs in Ohio.

B

The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States permits the assertion of personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with * * * [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken* v. *Meyer,* 311 U.S. 457, 463 * * *." *International Shoe Co., supra,* at 316. In judging minimum contacts, the focus is on "* * * the relationship among the defendant, the forum, and the litigation * * *." *Shaffer* v. *Heitner* (1977), 433 U.S. 186, 204. Jurisdiction lies where "* * * the defendant has 'purposely directed' his activities at residents of the forum, *Keeton* v. *Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to' those activities, *Helicop-*

teros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)." Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 472-473.

Long argues that his mailing of a single letter to Ohio was a "random, fortuitous contact." The pleadings belie this claim. Clearly, the mailing of the letter to Ohio was an intentional act by Long. It is this act which allegedly resulted in the claimed injury. The fact that Long's contact with Ohio consists of a single act is not conclusive. If it creates a "substantial connection" to the forum state, a single purposeful contact is enough to satisfy the requirements of due process.[1]

Analysis of fundamental fairness depends to a degree on whether the forum state has a special interest in holding the defendant answerable on a claim arising out of an act which occurred in the forum state. Ohio, as the forum state herein, has a strong interest in redressing injuries that result from torts committed within Ohio. As stated in Keeton, supra, at 776:

" ' "A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort." ' Leeper v. Leeper, 114 N.H. 294, 298, 319 A. 2d 626, 629 (1974) (quoting Restatement (Second) of Conflict of Laws § 36, Comment c (1971))."

Ohio's interest "* * * is not diminished simply because only one * * * [tort] is relied upon as the basis of jurisdiction." Southern Machine Co. v. Mohasco Industries, Inc. (C.A. 6, 1968), 401 F. 2d 374, 385.

A further consideration is that any injury to Fallang's reputation has occurred in Ohio. Thus, the alleged tort is best adjudicated in Ohio where most of the witnesses will be located.

Long argues that "it is neither convenient nor fair to require * * * [him] to defend himself in Ohio." The United States Supreme Court has indicated that a high degree of unfairness is required to erect a constitutional barrier against jurisdiction. See Keeton, supra; Calder v. Jones (1984), 465 U.S. 783. This is especially true in a case (such as the one herein) in which the defendant has intentionally directed his activity at forum residents, Burger King Corp., supra, at 473, and the "effects" of the activity occur in the forum state. Calder v. Jones, supra, at 788-789.

Accordingly, we hold that the Due Process Clause of the Fourteenth Amendment to the United States Constitution permits the assertion of jurisdiction in a defamation action over a nonresident defendant who deliberately sends an allegedly defamatory letter into Ohio.

## II

Long's second proposition is that the court of appeals erred by declining to consider two additional grounds for upholding the trial court's grant of his

---

[1] See McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 223; see, also, Hanson v. Denckla (1958), 357 U.S. 235, 253; International Shoe Co., supra, at 317; Thompson v. Chrysler Motors Corp. (C.A. 5, 1985), 755 F. 2d 1162, 1172; Brown v. American Broadcasting Co. (C.A. 4, 1983), 704 F. 2d 1296, 1302; Brown v. Flowers Industries, Inc. (C.A. 5, 1982), 688 F. 2d 328, certiorari denied (1983), 460 U.S. 1023; Paolino v. Channel Home Centers (C.A. 3, 1981), 668 F. 2d 721; Vencedor Mfg. Co. v. Gougler Industries, Inc. (C.A. 1, 1977), 557 F. 2d 886, 889-892; and Southern Machine Co. v. Mohasco Industries, Inc. (C.A. 6, 1968), 401 F. 2d 374, 380-381.

motion to dismiss. The argument is without merit.

In the court of appeals, Long (as an appellee) raised three arguments supporting his contention that the trial court's order granting his motion to dismiss should be affirmed. They were: (1) lack of personal jurisdiction; (2) failure of the complaint to state a claim against him as a matter of law; and (3) statutory immunity from suit. In its *per curiam* opinion, the court of appeals said: "Since the trial court based its judgment dismissing Dr. Long on a lack of personal jurisdiction, we shall limit our inquiry to that ruling."[2] In response to a motion for reconsidera- tion, the court of appeals elaborated, saying it would not render an advisory opinion on issues not decided by the common pleas court.

We find that the court of appeals complied with App. R. 12(A), which re- quires the court to pass upon all errors and state reasons for its decision.

The judgment of the court of ap- peals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

---

[2] We also decline Long's invitation to preempt the decision-making function of the trial court. We express no opinion about: (1) the underlying merits of Fallang's claim, (2) its ability to survive a motion to dismiss under Civ. R. 12(B)(6), (3) the claim of immunity pursuant to R.C. 2305.25, or (4) any future motion for sum- mary judgment.