DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted a motion to dismiss the complaint filed by appellant, Eric Sessoms, against Bay Regional Medical Center ("Bay Medical") in a medical malpractice action. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant, Eric Sessoms, sets forth the following four assignments of error:
 {¶ 3} "Assignment of Error No. 1:
 {¶ 4} "The trial court erred in misconstruing plaintiff's complaint and by failing to construe it in plaintiff's favor.
 {¶ 5} "Assignment of Error No. 2:
 {¶ 6} "The trial court erred when it attempted to analyze tortious acts and omissions as doing business in Ohio.
 {¶ 7} "Assignment of Error No. 3:
 {¶ 8} "The trial court erred by limiting the inquiry of personal jurisdiction to R.C. 2307.382(A)(4).
 {¶ 9} "Assignment of Error No. 4:
 {¶ 10} "The trial court erred in failing to find personal jurisdiction pursuant to R.C. 2307.382(A)(3)."
 {¶ 11} On July 6, 2002, Eric Sessoms, a resident of Lucas County, Ohio, was treated for a spiral leg fracture at Bay Medical in Bay City, Michigan. The broken leg was surgically repaired by Robert Ference, M.D. Six days later, a nurse saw drainage coming through the bandage on Sessoms' leg, which had not been changed since the surgery. X-rays were taken, Sessoms' blood was drawn, and wound cultures were obtained on July 13, 2002.
 {¶ 12} After speaking to her son's doctor, Sessoms' mother demanded that he be released, along with his medical records. She then obtained some of Sessoms' records and took Sessoms to the emergency room at St. Vincent Mercy Medical Center ("St. Vincent") in Toledo, where he was examined by Eric Goliver, M.D. In response to a telephone request from St. Vincent, Bay Medical faxed seven pages of medical records; however, the records contained no reference to an infection, or to the lab tests performed on July 13 before Sessoms was discharged from Bay Medical.
 {¶ 13} Sessoms was sent home from St. Vincent that same night with oral antibiotics. He was referred to a physician at the Medical College of Ohio ("MCO") for follow-up care. Other than x-rays, no medical tests were performed while Sessoms was at St. Vincent. It was later discovered that Sessoms' leg had become infected with an organism known as aeromonas, which is resistant to the oral antibiotic prescribed for Sessoms. Doctors at MCO performed a total of 13 surgical procedures on Sessoms' leg, including a failed attempt to graft part of his latissimus dorsi muscle into the area that was lost to the infection. Ultimately, the infection spread to the bone, and it became necessary to amputate Sessoms' lower leg.
 {¶ 14} On April 8, 2003, Sessoms filed a complaint in medical malpractice against Goliver and St. Vincent in the Lucas County Court of Common Pleas. On October 27, 2003, the complaint was amended to add Ference and Bay Medical as defendants.
 {¶ 15} On December 10, 2003, Bay Medical and Dr. Ference filed separate motions to dismiss and memoranda in support thereof, in which they asserted that the Ohio court did not have personal jurisdiction over them because they have no business contacts with Ohio and performed no medical services to Sessoms or any one else in Ohio.[1] On December 26, 2003, Sessoms filed a memorandum in opposition to the motions to dismiss, in which he argued that Bay Medical and Ference were subject to jurisdiction in Ohio pursuant to R.C. 2307.382(A)(3). Sessoms also argued that the trial court should allow discovery to proceed so that it may be determined if Bay Medical is subject to the jurisdiction of Ohio's court pursuant to R.C. 2307.382(A)(4).
 {¶ 16} On January 8, 2004, Sessoms supplemented his memorandum in opposition with the affidavit of Ross G. Hewitt, M.D. Hewitt stated that, in his opinion, Bay Medical departed from the generally accepted standard of care in Sessoms' case by not helping to establish follow-up care in Toledo after Sessoms' discharge, not transferring all of Sessoms' medical records to St. Vincent, and failing to report the results of Sessoms' lab tests to St. Vincent. Hewitt noted that definitive results of the wound cultures taken at Bay Medical were not available until several days after Sessoms' discharge.
 {¶ 17} On January 9, 2004, Bay Medical filed a reply in support of its motion to dismiss. Attached to the reply was the affidavit of Jack Mills, vice president of administration at Bay Medical. Mills stated in his affidavit that Bay Medical is licensed only by the state of Michigan and, as such, maintains no office in Ohio, transacts no business in Ohio, provides no services in Ohio, and never "solicited business or advertised its services within the state of Ohio." That same day, Ference filed a separate reply in support of his motion to dismiss along with his own affidavit, in which Ference stated that he is a licensed physician in the state of Michigan, he maintains no office in the state of Ohio, does not practice medicine in Ohio, and does not solicit business or otherwise advertise his services in Ohio.
 {¶ 18} On June 1, 2004, the trial court filed a judgment entry in which it found that "Bay Medical and Ference did not deliberately engage in business in Ohio and could not be expected to anticipate that their actions would subject themselves to an action in an Ohio court. Therefore, the burden of litigating in this state does over-balance [Sessoms'] choice of forum." Accordingly, the trial court found that Sessoms had not established jurisdiction pursuant to R.C. 2307.382(A)(4) and Civ.R. 4.3(A)(4), granted Bay Medical's and Ference's motions to dismiss and dismissed the amended complaint against them. A timely appeal was filed only as to the dismissal of Bay Medical.
 {¶ 19} Sessoms asserts in his four assignments of error that the trial court erred by finding that it had no personal jurisdiction over Bay Medical and dismissing the complaint against Bay Medical on that basis. All four assignments of error will be considered together.
 {¶ 20} Sessoms argues in support of his assignments of error that the trial court erred by "misconstruing" the complaint and limiting it to "medical negligence for failure to provide medical reports to either [Sessoms] or St. Vincent's." Sessoms further argues that "the trial court should have found personal jurisdiction pursuant to R.C. 2307.382(A)(3) [and Civ.R. 4.3(A)(3)]." Sessoms does not, however, argue that the trial court erred by finding that it had no jurisdiction over Bay Medical pursuant to R.C. 2307.382(A)(4) and Civ.R. 4.3(A)(4). Accordingly, the issue to be addressed in this appeal is whether the trial court had personal jurisdiction over Bay Medical pursuant to R.C. 2307.382(A)(3) and Civ.R. 4.3(A)(3).
 {¶ 21} We note preliminarily that Bay Medical moved to dismiss the amended complaint pursuant to Civ.R. 12(B)(2). An appellate court reviews a trial court's granting of a motion to dismiss for lack of personal jurisdiction de novo, applying the same standard used by the trial court. Lewis v. Horace Mann Ins.Co., 8th Dist. No. 82530, 2003-Ohio-5248, ¶ 18.
 {¶ 22} Where the defense of lack of personal jurisdiction is asserted in a motion to dismiss, "the plaintiff has the burden on the motion to establish the court's jurisdiction." Jurko v. JobsEurope Agency (1975), 43 Ohio App.2d 79, 85. In such cases, "[w]hile the plaintiff is entitled to have his factual allegations sustaining personal jurisdiction construed in his favor, * * * the plaintiff must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person." Id. (Citations omitted). If the trial court rules on a motion to dismiss without holding an evidentiary hearing, the court is required to "view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor." Goldstein v. Christiansen (1994),70 Ohio St.3d 232, 236.
 {¶ 23} In Christiansen, supra, the Ohio Supreme Court set forth a two-step process for determining whether the trial court has personal jurisdiction. In such cases, "the court is obligated to (1) determine whether the state's `long arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." Id., citing U.S. Sprint Communications Co., Ltd.Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181,183-184.
 {¶ 24} As to the first step in establishing personal jurisdiction, R.C. 2307.382 provides, in relevant part, that:
 {¶ 25} "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 26} "* * *
 {¶ 27} "(3) Causing tortious injury by an act or omission in this state; * * *."
 {¶ 28} Similarly, Civ.R. 4.3(A) provides, in relevant part, that service of process may be made on a nonresident of Ohio "who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 29} "* * *
 {¶ 30} "(3) Causing tortious injury by an act or omission in this state * * *."
 {¶ 31} Sessoms asserts that a tortious act or omission occurred when references to the infection in his leg, including the results of the wound cultures taken at Bay Medical on July 13, 2002, were omitted from his medical record, causing him to incur further injury in Ohio. In addition, Sessoms argues that that the telephone contact between St. Vincent and Bay Medical and the resulting seven-page fax from Bay Medical constituted sufficient contacts with Ohio to establish personal jurisdiction.
 {¶ 32} In support of his argument that injury may be caused in Ohio by a single telephone conversation or electronic transmission, Sessoms cites Fallang v. Hickley (1988),40 Ohio St.3d 106, in which the Ohio Supreme Court held that:
 {¶ 33} "1. Civ.R. 4.3(A)(3) authorizes assertion of personal jurisdiction over a nonresident defendant in a defamation action when publication of the offending communication occurs in Ohio.
"2. The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits the assertion of jurisdiction in a defamation action over a nonresident defendant who deliberately sends an allegedly defamatory letter into Ohio." Id., at paragraph one, syllabus.
 {¶ 34} In Fallang, the plaintiff, an Ohio physician, brought a defamation action against an out-of state defendant who sent a letter to Fallang's employer in Ohio that contained allegedly false statements concerning Fallang's competence as a physician. In analyzing whether jurisdiction was proper pursuant to Civ.R. 4.3(A)(3), the Ohio Supreme Court first recognized that "[t]he tort of libel occurs in the locale where the offending material is circulated (published) by the defendant to a third party. Id. at 107, citing Keeton v. Hustler Magazine, Inc.
(1984), 465 U.S. 770, 777. The Court then reasoned that the out-of-state defendant was subject to suit in Ohio because the alleged defamatory statement became "published" when it was received in Ohio, the sender of the letter "purposely directed" his activities at a resident of Ohio, and the alleged injuries arose out of those activities. Id., at 107 (Citations omitted).
 {¶ 35} In this case, the complaint alleges, at best, that the records sent by Bay Medical were incomplete, and therefore may have indirectly affected Sessoms' medical treatment in Ohio.[2] It does not allege that the information in the records was false, or that any act or omission by Bay Medical directly caused injury to Sessoms in Ohio. Accordingly, the Ohio Supreme Court's holding in Fallang is inapplicable in this case, as are certain other Ohio cases cited by Sessoms involving a purposeful act or omission that were found to have directly caused injury in Ohio.[3] Similarly, the facts underlying several Federal appellate decisions cited in support of Sessoms' argument are distinguishable, making them inapplicable in this case.[4]
 {¶ 36} As to the second step in establishing personal jurisdiction, it is wellestablished that "[t]he Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which that individual has established no meaningful contacts, ties or relations." In re Estate of Poole (1999), 134 Ohio App.3d 386,394, citing Burger King v. Rudzewicz (1985), 471 U.S. 462,471-472. Personal jurisdiction over a non-resident defendant may be established only if that defendant has minimum contacts with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."Internatl. Shoe Co. v. Washington (1945), 326 U.S. 310, 316;U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K'sFoods, Inc., supra.
 {¶ 37} Ohio courts have held that an out-of-state medical provider is not subject to personal jurisdiction, absent a showing that it "regularly did or solicited business or engaged in any other persistent course of conduct in Ohio." In re Estateof Poole, supra, at 392. In other words, there must be a showing that the provider had more than "sporadic contacts" within the state. Id.
 {¶ 38} The record shows that Bay Medical is a corporation that is licensed only in the state of Michigan. No evidence was presented to refute Mills' claim that Bay Medical transacts no business in Ohio, and does not otherwise avail itself of any of the privileges of conducting business in Ohio. The only alleged contacts between Bay Medical and Ohio are the telephone call from St. Vincent and the provision of medical records, which we have previously determined to be inadequate to establish personal jurisdiction in this case.
 {¶ 39} After reviewing the entire record and construing the facts most strongly in Sessoms' favor, we find that that Sessoms has not shown that Bay Medical performed an act or omission that directly caused him injury in Ohio, or that Bay Medical had sufficient minimum contacts with the state of Ohio, such that it could reasonably expect to be haled into an Ohio court. Accordingly, personal jurisdiction over Bay Medical pursuant to R.C. 2307.382(A)(3) and Civ.R. 4.3(A)(3) would be unfair and unreasonable in this case, as Sessoms has not satisfied the two-part test set forth in Christiansen, supra. Sessoms' four assignments of error are not well-taken.
 {¶ 40} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this action are assessed to appellant, Eric Sessoms.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., concur.
[1] Bay Medical and Ference also argued that the complaint should be dismissed based on insufficiency of process due to the lack of personal jurisdiction, and the expiration of the applicable statute of limitations on medical malpractice actions. However, those defenses are not at issue in this appeal.
[2] Sessoms states in his appellate brief that the complaint is actually much "richer" than it first appears, because it includes the alleged injuries that occurred in Michigan. However, any injuries that may have occurred in Michigan are irrelevant to the issue of whether Bay Medical is subject to jurisdiction in Ohio pursuant to R.C. 2307.382(A)(3) and Civ.R. 4.3(A)(3), which require that the act or omission causing tortious injury must have occurred in Ohio.
[3] See, e.g., Hostetler v. Kennedy (1990),69 Ohio App.3d 299
(Jurisdiction proper pursuant to R.C. 2307.382(A)(3) where an out-of-state defendant failed to pay child support in Ohio);Free v. Government Employees Ins. (April 30, 1990), 12th Dist. App. No. CA89-09-135 (Jurisdiction proper pursuant to R.C.2307.382(A)(3) where an out-of-state insurance company refused to arbitrate a claim in Ohio).
[4] See Neal v. Janssen (C.A. 6, 2001), 270 F.3d 328 (Federal appellate court applied Tennessee law to find that a single communication is sufficient to establish personal jurisdiction if that communication gives rise to an intentional tort.);Innovative Digital Equip., Inc. v. Quantum Technology, Inc.
(N.D. Ohio (1984), 597 F.Supp. 983 (The single act by a Michigan corporation which gave rise to jurisdiction in Ohio included the execution of a sales contract in Ohio.).