{¶ 37} I agree with the majority's statement of the law governing the issue of personal jurisdiction under Ohio's long-arm statute. However, I disagree with the majority's application of the law, particularly theCalder "effects test", to the facts of this case.
 {¶ 38} Here, the cause of action arose from Roberts posting allegedly defamatory comments on Internet bulletin boards, which are an increasingly popular forum of communication. Many businesses and organizations solicit public opinion and dialogue via bulletin boards. These "customer satisfaction forums" exist so people can post comments, suggestions, compliments or grievances on numerous consumer products and services, such as vacation resorts, restaurants, and as here, automotive components. These bulletin boards are the electronic equivalent of a response card. They are targeted based upon a shared interest in a particular topic, rather than based on a geographic location.
 {¶ 39} In Calder, the U.S. Supreme Court concluded that a California state court had personal jurisdiction over the National Enquirer, a nationally distributed weekly with editorial offices in Florida, and a reporter and an editor, both Florida residents, in a lawsuit based on an allegedly libelous story about the activities of a California resident. Employing what has since become known as the "effects test", the Court reasoned that because "California is the focal point both of the story and of the harm suffered," jurisdiction over the defendants was "proper in California based on the `effects' of their Florida conduct in California." Id. at 789, 104 S.Ct. 1482. In the language of minimum contacts, when the defendants committed "their intentional, and allegedly tortious, *Page 13 
Actions … expressly aimed at California," they "must [have] `reasonably anticipate[d] being haled into court there' to answer for the truth of the statement made in their article." Id. at 789-90, 104 S.Ct. 1482
(citations omitted).
 {¶ 40} The majority in this case focuses only upon the alleged harm of Roberts' actions being felt in Ohio. However, this is insufficient based upon the "effects test", which also requires that the defendant expressly aim his tortious conduct at the forum. Id. See also, Cadle v.Schlichtmann, et al., Case No. 4:03CV2151, 2004 WL 3630539 (N.D. Ohio) (in order to establish personal jurisdiction based upon defamatory commercial advertising on website, a defendant must "purposefully direct" activities toward the state of Ohio).
 {¶ 41} In this matter, Roberts' posting were accessible around the world and there is no evidence or allegation Roberts directly targeted, solicited or interacted with Ohio residents via the bulletin board. Even though Roberts knew Kauffman Racing was located in Ohio, Kauffman Racing did not show that Roberts had expressly aimed his tortious conduct at Ohio, thus "minimum contacts" with Ohio as it relates to the bulletin board messages was never created for purposes of long-arm jurisdiction.
 {¶ 42} Even assuming Roberts knew the postings could be accessible and read by Ohio residents; this is insufficient contact to warrant exercise of personal jurisdiction. See, Toys "R" Us, Inc. v. Step Two, S.A.,318 F.3d 446, 454 (3d Cir. 2003)("* * * [m]ere operation of a commercially interactive web site does not subject the operator to jurisdiction anywhere in the world. Rather there must evidence that the defendant "purposely availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web *Page 14 
site, or through sufficient other related contacts."); and Young v. NewHaven Advocate, et al., 315 F.3d 256 (4th Cir. 2002), cert. denied,538 U.S. 1035 (2003) (Connecticut newspaper did not target readers of Virginia simply by making its content available online; a Virginia court could properly exercise jurisdiction under the "effects test" only if newspaper had manifested an intent to target and focus on a Virginia audience).
 {¶ 43} This conclusion is supported by other cases addressing Internet activity and long-arm jurisdiction. See, Novak v. Benn, 896 So.2d 513
(Ala.Civ. App 2004) (defendant's disparaging comments about the plaintiff, a resident of Alabama, in an Internet forum did not subject him to suit in Alabama without a showing the defendant purposefully directed his comments to Alabama); Griffis v. Luban, 646 N.W.2d 527
(Minn. 2002), cert.denied, 538 U.S. 906 (2003) (a Minnesota resident posting a message on the Internet challenging Alabama teacher's credentials did not subject Minnesota resident to suit in Alabama underCalder "effects test" even though she knew plaintiff lived and worked in Alabama); Oasis Corp., et al. v. Judd, et al., 132 F.Supp.2d 612 (S.D. Ohio 2001) (Oklahoma residents launched a "gripe site" on Internet concerning products of Ohio company; trial court concluded Ohio was not the "focal point" of the website's accusations because "[w]hile it is obvious that Oasis, an Ohio company is the subject of the Defendants' web site, there is no evidence to suggest that Defendants have targeted Ohioans, as an audience for their site any more vigorously than Oregonians, Oklahomans or Omanis", therefore it lacked jurisdiction under the "effects test").[2] *Page 15 
 {¶ 44} Under the facts of this case, I find Roberts' activity to be too attenuated to support a finding of personal jurisdiction under the Due Process Clause. To hold otherwise, subjects online communicators to be subject to suit in any state for which the website content is accessible and without evidence of express aiming or intentional targeting. Accordingly, I would affirm the trial court's dismissal of Kauffman Racing's complaint for lack of personal jurisdiction. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the matter is reversed and remanded to the trial court for further proceedings consistent with this opinion and the law. Costs assessed to appellee.
[2] Kauffman Racing's reliance upon the Ohio Supreme Court's opinion in Fallang v. Hickey (1988) 40 Ohio St.3d 106, 532 N.E.2d 117, is misplaced. In Fallang, the Court found personal jurisdiction under Ohio long-arm statute because the defendant committed an intentional act by mailing a defamatory letter to a resident in Ohio. The Court stated this "single purposeful contact is enough to satisfy the requirements of due process". Id. at 108. In this case, there is no evidence Roberts intentionally acted to target any Ohio resident with the bulletin board messages. *Page 1