[Cite as *Kopas v. MTR Gaming Group*, 2014-Ohio-1157.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD KOPAS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2013-P-0053 |
| MTR GAMING GROUP, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00233.

Judgment: Affirmed.

*Wesley A. Johnston,* 33565 Solon Rd., Solon, OH 44139 (For Plaintiff-Appellant).

*Michelle L. Gorman*, 200 Stanton Blvd., Suite 100, Steubenville, OH 43952 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Edward Kopas, appeals the Order and Journal Entry of the Portage County Court of Common Pleas, granting defendants-appellees, MTR Gaming Group and Mountaineer Park, Inc.'s, Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. The issue before this court is whether television and billboard advertising satisfies the requirements of Ohio's long-arm statute to allow the exercise of jurisdiction over an out-of-state defendant. For the following reasons, we affirm the decision of the court below.

{¶2} On February 28, 2013, Kopas filed a Complaint in the Portage County Court of Common Pleas against MTR Gaming Group, Mountaineer Park, Inc., Mountaineer Casino, Racetrack & Resort, and John Does 1 through 10. According to the Complaint:

> At all times pertinent herein, the Defendants, MTR Gaming Group and/or Mountaineer Park, Inc. and/or Mountaineer Casino, Racetrack & Resort are business entities and/or corporations, in good-standing, licensed to transact business in the City of Chester, County of Hancock, State of West Virginia and at all times relevant herein were engaged in management, employment and business services related to retail activities. The Defendants * * * advertise by television and/or billboards in the State of Ohio and the Plaintiff, Edward Kopas is a resident of Portage County, Ohio.

The Complaint alleged that Kopas suffered injuries as a result of the defendants' negligence on the defendants' property located at Mountaineer Circle, Chester, West Virginia, as a business invitee thereof.

{¶3} On April 8, 2013, defendants, MTR Gaming Group and Mountaineer Park (dba Mountaineer Casino, Racetrack & Resort), filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, on the grounds that they lacked "the requisite minimum contacts with Ohio to make jurisdiction proper" and that "Mr. Kopas cannot show that the causes of action that are the subject of his Complaint arose in Ohio." Further, MTR Gaming Group asserted that it is a parent corporation of Mountaineer Park and, therefore, "MTR's contacts [with Ohio] cannot be imputed to

2

Mountaineer unless there is evidence that MTR's domination or control over Mountaineer warranted treating the two entities as one and the corporate separation is fictitious."

{¶4} On April 22, 2013, Kopas filed a Memorandum in Opposition. Kopas argued that Mountaineer was subject to the jurisdiction of Ohio courts based on its solicitation of business within Ohio. Moreover, Kopas argued that MTR Gaming was subject to jurisdiction in Ohio since it "owns Mountaineer and Mountaineer acts as their agent for purposes of operating a casino, racetrack, and resort."

{¶5} On May 13, 2013, the trial court issued an Order and Journal Entry, dismissing the Complaint, finding that the "incident took place in West Virginia and there is no connection with Ohio so as to satisfy due process requirements," and that "Ohio's Long-Arm Statute * * * is inapplicable."

{¶6} On June 11, 2013, Kopas filed his Notice of Appeal. On appeal, Kopas raises the following assignment of error:

{¶7} "[1.] The trial court committed prejudicial error in granting defendants-appellees, MTR GAMING GROUP, MOUNTAINEER PARK, INC., and JOHN DOES 1-10's, motion to dismiss based upon its opinion that the court lacks personal jurisdiction over the defendants-appellees, that the defendants-appellees' solicitation for business did not cause the negligence alleged, that R.C. 2307.382 (Ohio's long arm statute) does not apply in this case, and that defendants-appellees have no connection with Ohio so as to satisfy due process."

{¶8} Under Ohio's Civil Rules, a defendant may plead the "lack of jurisdiction over the person" by motion. Civ.R. 12(B)(2). Where a defendant moves to dismiss a

3

complaint for lack of jurisdiction over the person, "the plaintiff has the burden of making a prima facie showing of personal jurisdiction." (Citation omitted.) *Arrow Machine Co., Ltd. v. Array Connector Corp.*, 11th Dist. Lake No. 2008-L-161, 2009-Ohio-1439, ¶ 32; *Fallang v. Hickey*, 40 Ohio St.3d 106, 107, 532 N.E.2d 117 (1988). In deciding a motion to dismiss based on a lack of personal jurisdiction, the trial court is not confined to the allegations contained in the complaint, but may "hear the matter on affidavits, depositions, interrogatories, or receive oral testimony." (Citation omitted.) *Arrow Machine* at ¶ 32. Where the motion is decided without hearing, the trial court is "to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

{¶9} Where the issue is resolved as a matter of law, the standard of appellate review is de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27.

{¶10} "When determining whether a state court has personal jurisdiction over a foreign corporation the court is obligated to engage in a two-step analysis." *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K.'s Foods, Inc.*, 68 Ohio St.3d 181, 183, 624 N.E.2d 1048 (1994). "First, the court must determine whether the state's 'long-arm' statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." (Footnote omitted.) *Id.* at 183-184; *Fallang* at 107.

4

**{¶11}** Pursuant to Ohio's long-arm statute: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [c]ausing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business * * * in this state." R.C. 2307.382(A)(4). "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." R.C. 2307.382(C).

**{¶12}** In the present case, Kopas has failed to make a prima facie showing that the long-arm statute confers personal jurisdiction over Mountaineer Park to the trial court. Accordingly, dismissal was appropriate.

**{¶13}** Kopas argues that Mountaineer Park's television and billboard advertising in Ohio constitutes soliciting business and that his injuries arose out of the solicitation, in that, "[u]pon seeing this advertising, [he] traveled to West Virginia and patronized Defendants' casino." Kopas relies upon *Repp v. Holiday Inns, Inc.*, 624 F.Supp. 851 (S.D.Ohio 1985). In *Repp*, the Ohio district court found it could exercise jurisdiction over an out-of-state corporate defendant arising out of the plaintiff's injuries suffered during a stay at a Tennessee Holiday Inn. *Id.* at 852-853.

**{¶14}** *Repp*, however, is distinguishable in that jurisdiction was based on subsection (A)(1) of the long-arm statute, which allows a court to exercise jurisdiction where the cause of action arises out of the defendant's "transacting any business in this state." The court found that Holiday Inn was transacting business in Ohio based on "a substantial corporate presence in the State of Ohio * * * documented by the annual reports attached to the affidavit of Plaintiff's counsel," and on "advertising which it

5

engages in in [sic] Ohio in order to persuade Ohio consumers as to the reliability and desirability of temporary stays in Defendant's hotel facilities throughout the county." *Id.* at 852-853.

{¶15} In the present case, Kopas does not assert subsection (A)(1) as a basis for exercising jurisdiction. Nor is that subsection a viable basis for exercising jurisdiction over Mountaineer Park.

> For purposes of personal jurisdiction, [the Ohio supreme] court has long held the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio. *Wainscott v. St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St.2d 133, 1 O.O.3d 78, 351 N.E.2d 466. Instead, as the United States Supreme Court has stated, a nonresident's ties must "create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 542.

*U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d 1048. Kopas has not asserted or documented the transaction of any business in Ohio by Mountaineer Park beyond the mere solicitation of business. Accordingly, neither *Repp* nor R.C. 2307.382(A)(1) avail him.

{¶16} Kopas' reliance on subsection (A)(4) as a basis for exercising jurisdiction is also misplaced. Under this subsection, the cause of action must "aris[e] from the person's * * * [c]ausing tortious injury in this state." Under a plain reading of the statute, "[t]o comply with subsection (4) it is first essential to establish that a tortious injury occur in Ohio, although the act or omission takes place outside of Ohio." *Busch v. Serv.*

6

*Plastics, Inc.*, 261 F.Supp. 136, 141 (N.D.Ohio 1966). Kopas' cause of action is based on injuries suffered in West Virginia. Subsection (A)(4) does not authorize the trial court's exercise of jurisdiction.

{¶17} Finally, we address Kopas' claim that MTR Gaming and Mountaineer should be estopped from "asserting that they are separate and distinct entities for purposes of personal jurisdiction in this case because MTR has previously held itself out to Plaintiff as the proper party in the dispute with Mountaineer and Plaintiff has relied on this representation to his detriment." Kopas relies on a letter received from K&K Insurance Group, Inc., the third party administrator for the MTR Gaming Group, in response to a letter of representation sent by counsel to Mountaineer Park. Kopas claims he was misled into believing that MTR Gaming Group was the proper party since the K&K Insurance letter referenced MTR Gaming Group, but not Mountaineer Park.

{¶18} Kopas' claim of detrimental reliance fails. Kopas' only reliance was on a letter from K&K Insurance, not a representation by MTR Gaming Group. As K&K Insurance is merely a third party administrator for MTR Gaming Group, any reliance upon this letter as a basis for disregarding the separate corporate existences of MTR Gaming Group and Mountaineer Park is, as a matter of law, wholly unreasonable. *Compare North v. Higbee Co.*, 131 Ohio St. 507, 3 N.E.2d 391 (1936), syllabus ("[t]he separate corporate entities of a parent and subsidiary corporation will not be disregarded * * * in the absence of proof that the subsidiary was formed for the purpose of perpetrating a fraud and that domination by the parent corporation over its subsidiary was exercised in such manner as to defraud complainant").

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the Order and Journal Entry of the Portage County Court of Common Pleas, dismissing Kopas' Complaint, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.