[Cite as *Thorson Baker & Assocs., Inc. v. Nicholas*, 2022-Ohio-4636.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THORSON BAKER &
ASSOCIATES, INC.,                          :

      Plaintiff-Appellee,          :

                                     No. 111374

      v.                           :

MARK NICHOLAS AND
BROOKS HOLSTEIN, ET AL.,                   :

      Defendants-Appellants.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** December 22, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-819358

---

### *Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., LPA, Nicholas R. Oleski, and David M. Cuppage, *for appellant* Mark Nicholas.

Hahn Loesser & Parks, LLP, Christina T. Hassell, and O. Judson Scheaf, III, *for appellee* Brooks Holstein.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Mark Nicholas, a resident of Mississippi, appeals the judgments entered against him in favor of Thorson Baker & Associates, Inc. ("TBA"), a

corporation located in Richfield, Ohio,[1] and Brooks Holstein, who is also a resident of Mississippi, in part claiming the trial court lacked personal jurisdiction over Nicholas. For the following reasons, we reverse and vacate the judgments entered against Nicholas with the added caveat that TBA failed to file an appellate brief after filing for two extensions of time to do so. Pursuant to App.R. 18(C), we accept Nicholas's statements of facts and issues in his brief as correct and reverse the judgment because appellant's brief reasonably appears to sustain such action based on the trial court record.[2] *MADFAN, Inc. v. Makris*, 2017-Ohio-979, 86 N.E.3d 707, ¶ 1 (8th Dist.); *In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ¶ 3; *State v. Kasulaitis*, 8th Dist. Cuyahoga No. 95423, 2011-Ohio-852, ¶ 2.

{¶ 2} In 2008, Nicholas partnered with Holstein to redevelop the main entrance to the Mississippi State University. Cotton Mill Market Place, LLC ("Cotton Mill"), was incorporated to facilitate the development with Nicholas and Cotton Mill Centre I, LLC (an entity solely owned by Holstein), being designated as the members of the limited liability company. Cotton Mill hired Cupkovic Architecture, LLC ("Cupkovic"), as the lead architect, but the terms of the agreement

---

[1] It appears that the only connection to Cuyahoga County presented in the complaint is the nonparty Cupkovic Architecture, LLC's primary place of business. *See Complaint* at ¶ 6.

[2] Although Holstein appeared in this appeal to defend the judgment rendered in his favor upon the cross-claim, he does not include a discussion regarding the personal-jurisdiction issue advanced by Nicholas pertaining to the commencement of the action. In addition, Holstein does not assign any error to the trial court's decision denying his motion to dismiss based on the personal-jurisdiction defense he initially preserved.

did not include personal guarantees executed by Nicholas or Holstein. Cupkovic, in turn, hired TBA as a consulting engineer on the project.

{¶ 3} By late 2009, financial difficulties plagued Cotton Mill's project. Cupkovic and TBA were owed for outstanding invoices, with Cupkovic claiming nearly $650,000 in unpaid services. The outstanding debt owed to TBA was not disclosed or accounted for at the time. In negotiating a resolution to the financial dispute to permit the development project to proceed, Nicholas and Holstein each executed a personal guarantee of all payments Cotton Mill owed to both Cupkovic and TBA. The agreement was negotiated by Cupkovic, and TBA considered itself to be a third-party beneficiary. By that point, however, Holstein took steps to withdraw himself from the project.

{¶ 4} In December 2013, TBA filed the underlying lawsuit against Nicholas and Holstein based entirely on Nicholas's and Holstein's personal guarantees. Both Nicholas and Holstein filed motions to dismiss for the lack of personal jurisdiction, claiming that neither had the requisite connections to Ohio in their respective personal capacities. In its response, TBA claimed that Cotton Mill, through its agent John Szabo, had conducted business in Ohio under Ohio's long-arm jurisdiction statute and, therefore, Nicholas in particular had purposely availed himself of the privilege of conducting business in Ohio based on the terms of the contract entered between Cupkovic and Cotton Mill. The trial court denied the motions. Holstein answered the complaint and filed a cross-claim against Nicholas regarding their business disputes arising from the Mississippi-based project.

{¶ 5} In 2017 the trial court granted TBA partial summary judgment upon its claims against Nicholas and Holstein, entering judgment against the two defendants jointly and severally in the amount of $686,985.69. The trial court denied multiple requests seeking to certify that partial summary judgment as a final appealable order under Civ.R. 54(B) for collection purposes.

{¶ 6} Near the end of 2018, the trial court conducted a bench trial, upon Holstein's cross-claim against Nicholas, empaneling an advisory jury panel under Civ.R. 39(C)(1). The jury advised the court that Nicholas was liable to Holstein, but several other issues remained to be determined by the trial court. Finally, in February 2022, the trial court issued its findings of fact and conclusions of law awarding Holstein $2,082,271.44 in damages based on Holstein's claims against Nicholas arising from the Mississippi-based project. Nicholas timely appealed the several entries comprising the final judgment, but the primary focus is on the personal-jurisdiction issue that Nicholas timely preserved at the onset of the underlying proceedings.

{¶ 7} Personal jurisdiction is a question of law that appellate courts review de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27. When a defendant asserts the affirmative defense of the lack of personal jurisdiction through a motion to dismiss, it becomes the plaintiff's burden to show that the trial court possesses personal jurisdiction over that particular defendant. *Id.* Under Civ.R. 12(B)(2), in consideration of the written submissions and without an evidentiary hearing, a plaintiff need only make a prima

facie showing of jurisdiction to defeat the motion to dismiss. *Id.*, citing *Fallang v. Hickey*, 40 Ohio St.3d 106, 107, 532 N.E.2d 117 (1988). "However, even where the trial court decides personal jurisdiction absent an evidentiary hearing, the plaintiff continues to bear 'the burden of proving, in its case-in-chief at trial, existence of facts upon which jurisdiction is based by a preponderance of evidence.'" *State ex rel. DeWine v. 9150 Group L.P.*, 2012-Ohio-3339, 977 N.E.2d 112, ¶ 15 (9th Dist.), quoting *Barile v. Univ. of Virginia*, 2 Ohio App.3d 233, 234, 441 N.E.2d 608 (8th Dist. 1981), fn. 2. A defendant is therefore not prejudiced by that lower, initial threshold standard for determination of personal jurisdiction only because this preliminary determination is not dispositive of the issue throughout the trial proceedings. *Id.*; *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.). The burden of proving the existence of personal jurisdiction rests upon the plaintiff in preserving any judgment that follows, and the denial of a motion to dismiss based on the lack of personal jurisdiction can be appealed only after the final judgment is rendered. *Nejman v. Charney*, 8th Dist. Cuyahoga No. 102584, 2015-Ohio-4087, ¶ 15.

{¶ 8} Whether a trial court possesses personal jurisdiction over a nonresident defendant invokes two questions, both of which must be answered in the affirmative to secure the trial court's jurisdiction to consider the merits of the matter: "(1) whether the long-arm statute and the applicable rule of civil procedure confer[s] jurisdiction and, if so, (2) whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law under the

Fourteenth Amendment to the United States Constitution." *Kauffman Racing Equip.* at ¶ 28, citing *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.,* 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048 (1994). Under the Fourteenth Amendment analysis, a plaintiff must establish that the defendant's contact with the forum state meets a minimum threshold, which is determined by the breadth of the jurisdiction invoked. "Personal jurisdiction can be either general or specific" in nature. *Id.* at ¶ 46, citing *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir.1992).

{¶ 9} "'General jurisdiction is proper only where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state."'" *Id.*, quoting *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir.2002), and *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989). Specific jurisdiction, on the other hand, arises when "'a [s]tate exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* at ¶ 47, quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), fn. 8. Thus, if specific jurisdiction is invoked, the jurisdiction is limited to the contacts bringing rise to the lawsuit. TBA's claim against Nicholas focuses on specific jurisdiction; there was no argument that Nicholas's personal connection to Ohio was continuous or systemic in nature.

{¶ 10} Under *Kauffman Racing Equip., L.L.C.*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, at ¶ 48,

> specific jurisdiction "is permissible only if [a defendant's] contacts with Ohio satisfy the three-part test that this court established in *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968):
>
> "'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'"

*Id.*, quoting *Bird* at 874. All three prongs of the test must be established in order to invoke the jurisdiction of the forum state's court.

{¶ 11} "To satisfy the minimum-contacts requirement, 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 31, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). A trial court's exercise of jurisdiction focuses on "'the relationship among the defendant, the forum, and the litigation.'" *Id.*, quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

{¶ 12} In dealing with corporate entities, each defendant's contacts with the forum state must be individually assessed. *Id.*, citing *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), and *Rush v. Savchuk*, 444 U.S. 320,

332, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980). An employee's "contacts with [the forum state] are not to be judged according to their employer's activities there." *Calder* at 789-790. In order to establish the requisite minimum contacts with the forum state, the plaintiff must demonstrate that the corporate agent's own actions were primarily directed to the forum state. *Id.* It is not enough to demonstrate that the corporation or legal entity's conduct availed itself of this state's jurisdiction. *See Urquhart-Bradley v. Mobley*, 964 F.3d 36 (D.C.Cir.2020).

{¶ 13} It is that latter point that is dispositive in this particular case. In response to Nicholas's motion to dismiss for the lack of personal jurisdiction, after detailing Cotton Mill's contacts with Ohio residents through its employee or agent Szabo, who was not a party in this action, TBA claimed that it alleged sufficient facts to confer jurisdiction upon the trial court because Nicholas entered the personal guarantee agreement with an Ohio corporation, had that agreement transmitted to Ohio, and the guarantee demonstrated that telephonic communications took place between Cupkovic and Nicholas personally. Upon reviewing the personal guarantee attached to the complaint, however, nothing within the document substantiates the allegation that telephonic negotiations took place between Nicholas and Cupkovic.

{¶ 14} Thus, TBA's entire argument in support of its burden to prove by a preponderance of the evidence that the trial court possessed personal jurisdiction over the nonresident defendant was based on the existence of a contract involving an Ohio corporation or that payments were to be remitted to Ohio corporate locations. It is undisputed those payments were never made.

{¶ 15} We need not delve deeply into the three-part test adopted in *Kauffman Racing Equip.* based on the limited allegations presented in TBA's brief in opposition to the motion to dismiss.[3] As this court has recognized, "the mere existence of a contract involving a forum resident does not confer personal jurisdiction, a choice of law provision standing alone does not confer personal jurisdiction, and the making or sending payments to Ohio alone may not establish minimum contacts for purposes of personal jurisdiction." *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715, 898 N.E.2d 52, ¶ 10 (8th Dist.); *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 32 (3d Cir.1993) (a nonresident's contracting with a forum resident is insufficient to establish minimum contacts for the purpose of securing a trial court's jurisdiction over the nonresident). Further, the making of payments, or the cessation of payments, does not necessarily result in connections to Ohio so substantial that appellees could have reasonably anticipated being hauled into an Ohio court. *Natl. City Commercial Capital Corp. v. All About Limousines Corp.*, 12th Dist. Butler Nos. CA2005-08-226, et al., 2009-Ohio-1159,

---

[3] In advance of oral argument, Nicholas provided additional authority in support of the personal jurisdiction argument, *Magnum Asset Acquisition, LLC v. Green Energy Technologies, LLC*, 9th Dist. Summit No. 29789, 2022-Ohio-2247. In that decision, the Ninth District panel extensively discussed the three-part test under *Kauffman Racing Equipment* as it pertains to the federal due process prong of the personal-jurisdiction analysis (the other being Ohio's long-arm jurisdiction statute). *Green Energy Technologies* at ¶ 7-27. In light of the limited factual basis supporting personal jurisdiction provided by TBA in its brief in opposition, limited to its claim that Nicholas executed a contract with an Ohio corporation, a fact-intensive discussion is unnecessary in this particular case. There are no relevant facts supporting any personal-jurisdiction discussion. Recognition of the proposition of law — that simply contracting with an Ohio corporation does not satisfy the minimum standards of due process under the minimum-contacts test — is dispositive in this appeal.

¶ 39, citing *Yevu* and *Nationwide Life Ins. Co. v. Hampton Supply, Inc.*, 829 F.Supp. 915, 917-918 (S.D.Ohio 1993); *see also Ecigrusa LLC v. Silver State Trading LLC*, N.D.Tex. No. 3:21-CV-1846-B, 2022 U.S. Dist. LEXIS 79793, 19 (May 3, 2022) (the mere remittance of payment to a forum state resident is not sufficient to establish minimum contacts to confer personal jurisdiction upon the trial court); *Sovereign Consulting, Inc. v. Cover Technologies, Inc.*, D.N.J. No. 1:21-00035, 2021 U.S. Dist. LEXIS 125077, 14 (July 6, 2021) (string citing cases in which it was concluded that payments alone are insufficient to establish minimum contacts with the forum state).

{¶ 16} The personal guarantee underlying TBA's complaint, by its very nature, was executed by Nicholas in his personal capacity. Nicholas is a citizen of the state of Mississippi. Thus, in order to demonstrate that the trial court possessed personal jurisdiction over Nicholas based on the claims arising from the personal guarantee, TBA was required to demonstrate that Nicholas himself possessed the requisite minimum contacts with the forum state based on that contract. As noted above, under black-letter law, it is not enough that the out-of-state resident entered a contract with an Ohio corporation or even promised to remit payments to a corporate location within Ohio's borders. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Walden v. Fiore*, 571 U.S. 277, 286, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) ("But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). TBA bore the burden of demonstrating the invocation of the Ohio

court's personal jurisdiction under both state and federal law by a preponderance of the evidence through a fact-intensive inquiry. *See Yevu* at ¶ 15. TBA failed to demonstrate Nicholas had any contacts with Ohio beyond the four corners of the personal guarantee between him and Cupkovic, and neither Cupkovic nor TBA themselves can be the only link to the Ohio forum.

{¶ 17} In light of the limited factual foundation presented in TBA's brief in opposition to Nicholas's motion to dismiss, the only arguments within this record in support of the trial court's jurisdiction over Nicholas, we cannot conclude that TBA met this burden. The trial court lacked personal jurisdiction over the action initiated by TBA and erred in concluding otherwise. Without jurisdiction, the trial court lacked authority to conduct any proceedings in the underlying matter pertaining to Nicholas.[4]

{¶ 18} The judgment entered in favor of TBA is vacated. In addition, the judgment rendered upon the cross-claim filed by Holstein, between the two out-of-state residents, is also vacated because the cross-claim directly depends upon TBA's improper invocation of the trial court's jurisdiction through commencement of the action. *See* Civ.R. 13(G) (a pleading may state a cross-claim arising out of the transaction or occurrence that is the subject matter of the original action). A properly pleaded cross-claim does not stand on its own, but must arise from the

---

[4] Nicholas was the only defendant to appeal the trial court's decision with respect to the personal-jurisdiction issue. The affirmative defense of the lack of personal jurisdiction is a waivable right, and therefore, we need not address the issue beyond what has been presented for our review. *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp.*, 66 Ohio St.3d 173, 175, 610 N.E.2d 987 (1993).

plaintiff's original claim. *State ex rel. Barth v. Hamilton Cty. Bd. of Elections*, 65 Ohio St.3d 219, 220, 602 N.E.2d 1130 (1992); *see also* Staff Notes to Civ.R. 13 ("one defendant may cross-claim against another defendant, provided that the cross-claim is related to the plaintiff's claim"). TBA's complaint was the only basis for Holstein to assert his claims in the Ohio tribunal, all of which arose in connection to his and Nicholas's business dealings in Mississippi, and Holstein does not provide any legal analysis or discussion in support of reviewing the merits of the judgment entered upon the cross-claim. App.R. 16(A)(7); *Pizzella v. AEU Benefits, LLC,* N.D.Ill. No. 17 C 7931, 2019 U.S. Dist. LEXIS 230031, 8 (Sept. 27, 2019).

{¶ 19} The judgments entered against Nicholas in favor of TBA and Holstein are reversed and hereby vacated. The matter is remanded with instructions to dismiss any and all claims against Nicholas for the want of personal jurisdiction.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellant Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY;
MARY EILEEN KILBANE, J., DISSENTS WITH SEPARATE OPINION


MARY EILEEN KILBANE, J., DISSENTING:

{¶ 20} I respectfully dissent and would affirm the trial court.